IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Francisco Javier Agular‒Martinez, ) <br> # 34906-308, ) <br> ) <br> ) Civil Action No. 6:15-4583-DCN-KFM <br> Petitioner, ) <br> ) **REPORT OF MAGISTRATE JUDGE** <br> vs. ) <br> ) <br> L. Thomas, Warden, ) <br> ) <br> ) <br> Respondent. ) <br> ) | |

The petitioner is a federal inmate at FCI-Edgefield. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) and a memorandum (doc. 1-1). He has paid the five-dollar ($5) filing fee.

In March 19, 2012, in the United States District Court for the District of Arizona, in Criminal No. 11-CR-1531-JGZ-JJM, the petitioner was sentenced to eighty-four months in prison for illegal reentry after deportation. The petitioner raises one ground in the Section 2241 petition:

> [Ground One:] Petitioner's Status As A Deportable Alien Is Likely To Cause A Fortuitous Increase In The Severity Of His Sentence[.]
>
> [Supporting Facts:] Petitioner is being denied programs implemented by the Bureau of Prisons due [to] his status as a deportable alien. This denial of the right to participate in such programs makes the Petitioner's sentence much more severe.

(Doc. 1 at 6–7).

The petitioner indicates that he has not filed a Section 2255 action (doc. 1 at 4). Although the petitioner has not filed a Section 2255 action, the petitioner contends that Section 2255 "is inadequate, because this motion is a discretionary matter which is up to the decision of the court and it deals with the severity being implemented after the sentence has already been imposed, but before the petitioner knew such severity existed" (*id*. at 5). In his request for relief, the petitioner writes: "Petitioner would like to have his sentence reduced to reflect the severity that he now suffers for being a deportable alien" (*id*. at 8).

In his memorandum, the petitioner contends that his current custody is in violation of the Equal Protection Clause (doc. 1-1 at 1). The petitioner states that as a deportable alien he is not eligible for lower custody levels, community confinement, and other "rehabilitational programs afforded to similarly situated prisoners" (*id*.). The petitioner argues that a court may depart downward to account for a fortuitous increase in the severity of a sentencing term, and he seeks such a downward departure under *United States v. Smith* (*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *see also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to

challenge the manner in which a sentence is executed. *See Barber v. Rivera*, Civil Action No. 4:11-2579-TMC-TER, 2011 WL 6982074, at *2 (D.S.C. Dec. 13, 2011) (collecting cases), *adopted by* 2012 WL 80250 (D.S.C. Jan. 11, 2012). A petitioner cannot challenge his or her federal conviction and sentence under § 2241 unless he or she can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Surratt*, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.")

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284

3

(4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

In light of the petitioner's admission that he has not filed a Section 2255 action (doc. 1 at 4), it cannot be said that Section 2255 is inadequate or ineffective. The fact that a Section 2255 action may be untimely or unsuccessful does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The decision of the United States Court of Appeals for the District of Columbia Circuit in *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), is not binding in this Circuit. In fact, the majority of Circuit Courts of Appeals have rejected it. *See United States v. Holguin*, 16 F. Supp. 2d 595, 599 (D. Md. 1998) (collecting cases: "The majority view treats status as a deportable alien as an improper basis for a downward departure."), *appeal dismissed*, No. 98-7435, 1998 WL 834116 (4th Cir. Dec. 3, 1998); *see also United States v. Radomirski*, Criminal No. PWG-14-0051, 2015 WL 4911652, at *2 (D. Md. Aug. 14, 2015) (denying *pro se* motion for sentence reduction under *Smith*: "This Court is under no obligation to depart below the range indicated by the Sentencing Guidelines simply because a defendant is a deportable alien, however, I agree with the premise in *Smith*, and a defendant's status as a deportable alien is one of the many factors that a Judge may consider during sentencing. Contrary to what Radomirski asserted in his motion, . . . I specifically considered the history and characteristics of the Defendant in particular when contemplating his sentence, . . . and I did depart downward from the sentencing guidelines. The fact that Radomirski, as a deportable alien, might be subjected to harsher considerations was noted by defense counsel . . . and taken into consideration when I made my sentencing decision.").

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return. *See*

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate of Appealability. The petitioner's attention is directed to the important notice on the next page.

November 16, 2015                                    s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).